```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-373 (Chavez-Rubio) |

## O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Roxanne Chavez-Rubio was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Chavez-Rubio brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Chavez-Rubio also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on Chavez-Rubio's breach of warranty claims, contending that they are time-barred. Mentor's partial summary judgment motion (ECF No. 37 in 4:13-cv-373) is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence

is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

On October 5, 2004, Dr. Marc Nesi implanted Chavez-Rubio with ObTape to treat her stress urinary incontinence. In 2013, Chavez-Rubio "started having bad problems" that she attributed to ObTape. Chavez-Rubio Dep. 12:7-11, ECF No. 38-4. At that time, she "went to the doctor and found out that the mesh had fell through." *Id.* Chavez-Rubio is a North Carolina resident whose ObTape-related treatment took place in North Carolina.

Chavez-Rubio asserts claims for strict liability (design defect, manufacturing defect, and failure to warn); negligence; breach of express warranty; breach of implied warranty; common law fraud; constructive fraud; and negligent and intentional misrepresentation. Mentor seeks summary judgment only on Chavez-Rubio's warranty claims.

## DISCUSSION

On July 16, 2013, Chavez-Rubio served Mentor with a Complaint captioned in the Hennepin County District Court of the State of

Minnesota. Mentor removed this action to the United States District Court for the District of Minnesota. The case was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree for purposes of summary judgment that Minnesota law applies to Chavez-Rubio's claims. *See Cline v. Mentor*, No. 4:10-cv-5060, 2013 WL 286276, at *7 (M.D. Ga. Jan. 24, 2013) (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota).

Under Minnesota law, a breach of warranty action "must be commenced within four years after the cause of action has accrued." Minn. Stat. § 336.2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Minn. Stat. Ann. § 336.2-725(2). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.; cf. Allstate Ins. Co. v. Gen. Motors Corp.*, No. PD 04-12393, 2005 WL 264276, at *4–*5 (Minn. Dist. Ct. Jan. 24, 2005) (concluding that the plaintiff's breach of warranty claim accrued when the plaintiff's car was delivered to him, not when the car's rear axle and rotor plate failed several years later).

3

Chavez-Rubio does not dispute that her ObTape was delivered on October 5, 2004 when it was implanted into her body. Chavez-Rubio also does not dispute that she did not file her action within four years after delivery of her ObTape. Chavez-Rubio appears to argue that Minnesota's discovery rule applicable to her tort claims should likewise apply to her warranty claims. But Chavez-Rubio did not point to any evidence that ObTape's warranty explicitly extended to future performance, and she did not point to any Minnesota authority departing from the clear language of Minn. Stat. § 336.2-725(2) and holding the discovery rule applies to warranty claims even in the absence of a warranty that explicitly extends to future performance. Thus, Chavez-Rubio's warranty claims accrued on October 5, 2004.

Chavez-Rubio argues that even if the discovery rule does not save her warranty claims, the statute of limitations for her warranty claims should be tolled by fraudulent concealment. Under Minnesota law, "[a] statute of limitations may be tolled if the cause of action is fraudulently concealed by the defendant." *Haberle v. Buchwald*, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992). "To establish fraudulent concealment, a plaintiff must prove there was an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false or was made in reckless disregard of its truth or falsity, and that the concealment could not have been discovered by reasonable

4

diligence." *Id.* Here, though Chavez-Rubio may not have been aware of any injury when her ObTape was implanted, she did not point to any evidence that some affirmative act or statement by Mentor concealed her breach of warranty claims. For these reasons, fraudulent concealment does not apply to Chavez-Rubio's warranty claims.

## CONCLUSION

For the reasons set forth above, the Court concludes that Chavez-Rubio's warranty claims are time-barred. Mentor's Motion for Partial Summary Judgment (ECF No. 37 in 4:13-cv-373) is therefore granted. Mentor is entitled to judgment as a matter of law on Chavez-Rubio's warranty claims. All of Chavez-Rubio's other claims remain pending for trial.[1]

This action is ready for trial. Within seven days of the date of this Order, the parties shall notify the Court whether they agree to a *Lexecon* waiver.

IT IS SO ORDERED, this 2nd day of September, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] As a practical matter, Chavez-Rubio's breach of warranty claims appear to be nearly identical to her strict liability failure to warn claim and to her various fraud and misrepresentation claims. Mentor did not move for summary judgment on those claims.

5